UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN VOLLAND                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:08cv696-LTS-RHW

PRINCIPAL RESIDENTIAL MORTGAGE;                                              DEFENDANTS
NATIONWIDE MUTUAL INSURANCE COMPANY;
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY;
AND JOHN AND JANE DOES A, B, C, D, E, F, G AND H

## ORDER OF PARTIAL DISMISSAL

As a result of a merger, CitiMortgage, Inc. is the successor in interest to named Defendant Principal Residential Mortgage. A [29] Motion to Dismiss Without Prejudice has been filed "seeking a dismissal of all of the Plaintiff's claims against [CitiMortgage/Principal Residential Mortgage]," which Plaintiff does not oppose. *See also* docket entry [28] (Notice of Agreed Order of Dismissal Without Prejudice not in compliance with Fed. R. Civ. P. 41). Although no authority is cited in support of the instant request, it is presumed that the parties are proceeding under Fed. R. Civ. P. 41(a)(2). Plaintiff also asserts claims against Defendants Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance Company.

The Court is of the opinion that there is no just reason for delay, and that entry of partial dismissal of the referenced claims by Plaintiff against CitiMortgage, Inc./Principal Residential Mortgage is appropriate. Accordingly, under the authority of Fed. R. Civ. P. 41(a)(2), and with Fed. R. Civ. P. 54(b) in mind, **IT IS ORDERED**:

The [29] Motion to Dismiss Without Prejudice is **GRANTED**;

All claims between Plaintiff and CitiMortgage, Inc./Principal Residential Mortgage are hereby **DISMISSED**, and said partial dismissal is **WITHOUT PREJUDICE**, with each party bearing its own costs with respect hereto;

This cause of action is not terminated as to all other claims and any counterclaims between Plaintiff and Defendants Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance Company, and this order is subject to revision at any time before the entry of any judgment adjudicating all the claims and the rights and liabilities of all the parties.

**SO ORDERED** this the 7th day of May, 2009.

                                                              s/ L. T. Senter, Jr.  
                                                              L. T. SENTER, JR.  
                                                              SENIOR JUDGE