UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN VOLLAND                                                                   PLAINTIFF

V.                                         CIVIL ACTION NO. 1:08CV696-LTS-RHW

PRINCIPAL RESIDENTIAL MORTGAGE;                        DEFENDANTS
NATIONWIDE MUTUAL INSURANCE COMPANY;
NATIONWIDE PROPERTY AND CASUALTY COMPANY;
AND JOHN AND JANE DOES A, B, C, D, E, F, G AND H

## **ORDER**

       This cause of action was [1] removed to this Court by Defendants Nationwide Mutual Insurance Company and Nationwide Property and Casualty Company (Nationwide) from the Circuit Court of Jackson County, Mississippi. Defendant Principal Residential Mortgage (Principal) [2] joined in and consented to the removal. Nationwide [7] and Principal [4] filed answers to the Complaint. Principal has been [30] dismissed without prejudice.

       Nationwide has filed a [12] Motion to Enforce Settlement Agreement and to Dismiss, which was allowed to be sealed by Text Only Order dated January 3, 2009, presumably based on Nationwide's representation [10] of the confidential nature of the document. For the purpose of ruling on Nationwide's [12] motion, the Court has unsealed it along with the [18] sealed reply to Plaintiff's [14] response. Because Nationwide's [12] motion presents matters outside the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b). This action has been [22] stayed pending resolution of the motion to enforce settlement and to dismiss.

       Plaintiff's Complaint deals with a Hurricane Katrina loss sustained to a home located at 5000 Midway, Ocean Springs, Mississippi. Plaintiff avers that this home and property were severely damaged by the storm. In its [7] Answer, Nationwide admits that Plaintiff's property sustained damage. In general fashion, the twenty-ninth defense of Nationwide's answer states that "[t]o the extent Plaintiff has accepted payment from any other source for the loss or damage at issue in this lawsuit, Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, payment, release and waiver."

       Nationwide's motion to enforce settlement/dismiss is founded on a Confidential Settlement Agreement dated May 10, 2007. It is signed by one of Nationwide's current counsel, the Plaintiff, and Plaintiff's former attorney. As Nationwide points out, the agreement includes a section entitled "Complete Release of All of Claimant's Claims," which includes language pertaining to

> (a) all claims relating to Hurricane Katrina that the Claimant had or may have had which arise or are alleged to have arisen on or before the date of this Agreement; (b) all claims relating to or arising out of the Nationwide Entities' insurance or business policies, practices, and procedures; (c) all claims relating to or arising out of the Policy, including but not limited to the marketing or sale of the Policy to Claimant or to the handling or adjustment of the Claimant's Claim; and (d) all claims which were or could have been raised in any litigation that has been brought by or for the Claimant against the Nationwide Entities . . . .

There is another section entitled "Claimant's Covenant Not to Sue" encompassing virtually the same language as above. There is yet another section with the heading "Resolution of All of Claimant's Claims," which provides that "[e]xecution of this Agreement shall resolve all of the Claimant's claims against the Nationwide Entities and all claims that could have been alleged by the Claimant against Nationwide in any forum up to and including the date of this Agreement." It should also be pointed out that the introductory paragraphs of the Confidential Settlement Agreement recite that Plaintiff "purchased one or more policies of . . . insurance from Nationwide (the 'Policy');" that Plaintiff "filed one or more claims for insurance coverage with Nationwide relating to damage to [Plaintiff's] property from Hurricane Katrina (the '. . . Claim');" and that "the Parties, without any admission of wrongdoing or liability, now desire to settle the . . . Claim in order to avoid further expense and to dispose of burdensome and protracted litigation." The amount of the settlement is $15,164.50, plus an additional one-third of this sum for Plaintiff's attorneys' fees.

The complicating factor in this matter is that Plaintiff owned two properties that were insured under two separate Nationwide policies that were damaged by Hurricane Katrina: the 5000 Midway property which is the subject of the instant lawsuit, as well as property located at 1009 Ash Street, also in Ocean Springs. Plaintiff maintains that the settlement agreement pertains to the Ash Street property only.

Plaintiff's counsel's [14] response's emphasis is on the unconscionability and overreaching nature of the settlement agreement and on the premise that, despite the fact that Plaintiff was represented by an attorney (albeit not his current one), he was not on equal footing with Nationwide. Plaintiff's affidavit offered as part of the response to the motion (which is also attached to Nationwide's motion) presents a different viewpoint. That affidavit reads, in pertinent part:

> The . . . Settlement Agreement was executed by me and my lawyer relative to my claims for hurricane induced property damages suffered at my home located at 1009 Ash Street, Ocean Springs, Mississippi. Upon execution this Settlement Agreement I interpreted and was advised the Agreement to be binding as to that property only. ¶ Upon executing this Settlement Agreement I interpreted and was advised the Agreement to be binding as to the policy of insurance covering 1009 Ash Street, Ocean Springs, Mississippi. The policy number for that property was 63HO204-767. ¶ The property making the basis of my lawsuit presently pending is 5000 Midway, Ocean Springs, Mississippi. This property was covered by a

separate policy bearing the number 63BP283-510-3001. . . . ¶ Because the
Settlement Agreement referred to 'the policy' I interpreted it to refer to the policy
of insurance covering the only residence that was being discussed for settlement
purposes, or 1009 Ash Street, Ocean Springs, Mississippi.

In Mississippi, "[t]he law favors settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *Welsh v. Mounger*, 883 So. 2d 46, 48 (Miss. 2004) (citation omitted). Further, "[s]ettlements are contracts, which are enforceable according to their terms." *Parmley v. 84 Lumber Co.*, 911 So. 2d 569, 572 (Miss. Ct. App. 2005), *cert. denied*, 920 So. 2d 1008 (Miss. 2005) (citation omitted). The *Parmley* decision also recognized that "[a]n attorney is presumed to have the authority to speak for and bind his client," 911 So. 2d at 573 (citation omitted), and that the "agreement may be established by the actions of the parties, or that of their respective agents." *Id.* at 572 (citation omitted). For a settlement to exist, it is not necessary that a release be signed. *Id.* at 573. *See also Hastings v. Guillot*, 825 So. 2d 20, 23 (Miss. 2002) ("[A] release and settlement statement were prepared and sent to counsel . . . . Had there been no meeting of the minds, there would have been no such documentation prepared. Without a meeting of the minds, the attorneys would have proceeded with the case, not prepared settlement documents."); *Ammons v. Cordova Floors, Inc.*, 904 So. 2d 185, 191 (Miss. Ct. App. 2005) (quoting *Hastings*).

While Plaintiff's affidavit does not address conscionability or overreaching, there is at present a genuine issue of material fact as to whether the scope of the settlement agreement is a product of mistake or indefiniteness. Under the entirety of the circumstances (which is most certainly subject to further development) and for the purposes of Rule 56, it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party, in this instance the Plaintiff. In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party.

Before concluding, there are some ancillary matters that must be addressed. Because Plaintiff's counsel represented in the [14] response that Plaintiff's former counsel represented Plaintiff's "interests as to the property located at 1009 Ash Street and resolved the matter through a Settlement Agreement entered into in May of 2007 . . . [but] declined representation to [Plaintiff] of his claims to the second property located at 5000 Midway . . . ," Nationwide has filed a [20] Motion to Supplement its [18] Reply Memorandum to counter this assertion in the form of a letter from Plaintiff's former counsel to Nationwide specifically advising of their representation as to the insured address of 5000 Midway Street, policy no. 63BP283-510-3001. The purpose of the motion to supplement is for Nationwide "to provide the Court with all available facts which may be relevant in the Court's decision on [the] . . . Motion to Enforce Settlement Agreement and to Dismiss." Nationwide even suggests that "the proposed Supplement does not raise any new arguments that have not already been briefed."

Nationwide's [20] motion will be granted. Although the Court is not convinced that it has "all available facts" relevant to its inquiry, the supplemental evidence should be included in

the record.

Next, it is not necessary for the [12] motion and the [18] reply to remain sealed. The hard copies of these documents will be placed in the Court file and the Clerk of Court will make arrangements with Nationwide's counsel for their electronic inclusion on the docket.

Finally, the [22] stay will be lifted, with the United States Magistrate Judge making appropriate adjustments to the [9] Case Management Order. With this order, the Court also believes that this case should be included in the current round of mediation, which is especially capable of occurring due to the extended schedule at play. It should be emphasized that Plaintiff will not be excused from attending in person the mediation session to be held, whether as part of the Court's program or in private mediation.

Accordingly, **IT IS ORDERED**:

Nationwide's [20] Motion to Supplement Reply Memorandum in Support of Motion to Enforce Settlement Agreement and to Dismiss is **GRANTED;**

Nationwide's [12] Motion to Enforce Settlement Agreement and to Dismiss is **DENIED**;

Nationwide's [12] Motion and [18] Response are hereby **UNSEALED**, the hard copies shall be made a part of the open Court file, and the Clerk of Court is authorized to arrange for their electronic inclusion on the docket;

The stay contained in the Court's [22] Order is hereby **LIFTED**, and this matter is referred to the United States Magistrate Judge for proceedings consistent herewith.

**SO ORDERED** this the 7th day of May, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE