UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN VOLLAND                                                                    PLAINTIFF

V.                            CIVIL ACTION NO. 1:08CV696-LTS-RHW

PRINCIPAL RESIDENTIAL MORTGAGE;                      DEFENDANTS
NATIONWIDE MUTUAL INSURANCE COMPANY;
NATIONWIDE PROPERTY AND CASUALTY COMPANY;
AND JOHN AND JANE DOES A, B, C, D, E, F, G AND H

**ORDER**

        By [31] order dated May 7, 2009, the Court, treating the Nationwide defendants' (Nationwide) [12] Motion to Enforce Settlement Agreement and to Dismiss as a motion for summary judgment due to matters outside the pleadings being presented, denied the requested relief on the ground that "a genuine issue of material fact [exists] as to whether the scope of the settlement agreement is a product of mistake or indefiniteness." Further, the Court recognized that the entirety of the circumstances surrounding the settlement agreement is subject to additional factual development.

        Nationwide has now filed a [35] Motion for Reconsideration of the Court's [31] order or, alternatively, to Certify the Order for Interlocutory Appeal. "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994). However, Nationwide's arguments do not satisfy the standards of either Fed. R. Civ. P. 59 or 60. While it is necessary to clarify the Court's prior order, Nationwide's [35] motion is otherwise not well taken.

        Nationwide's current position that the Court's [31] order is based on unilateral, as opposed to mutual, mistake is somewhat understandable in light of the order's general reference to the elements of mistake or indefiniteness as the basis for genuine issues of material fact. The Court also observed that "Plaintiff's affidavit does not address conscionability or overreaching."

        Nationwide submitted no evidentiary materials beyond the agreement itself in support of the original [12] motion. Plaintiff submitted his affidavit indicating that the Ash Street property was the only property under discussion during the negotiations that led to the execution of the settlement agreement. Thus, the record discloses that there is at least some evidence, i.e., Plaintiff's affidavit, that would support an inference that the settlement agreement, despite its broad language, does not reflect a meeting of the minds concerning the Midway property.

While the terms of the agreement are quite broad, the properties, claims, and policies covered by the agreement are not specified on the face of the agreement. Further, keeping in mind that the Plaintiff suffered Hurricane Katrina damage to two properties covered by separate Nationwide insurance policies, the Court also alluded to the amount of the settlement ($15,164.50, *see* parenthetical *infra*) which Nationwide maintains applies to both. Plaintiff claims that the property which is the subject of this cause of action sustained severe damage. Therefore, there is evidence to suggest that the settlement agreement may be unconscionable and the product of overreaching, given the amount of money purportedly meant to cover two separate losses.

It is amazing that this controversy should arise if it were clearly understood at the time the settlement agreement was executed that both properties and both policies were covered by the settlement agreement, and this would likely be the case if both claims were discussed during the negotiations. If the Midway property was never mentioned in the settlement negotiations, as the Plaintiff's affidavit clearly indicates, the Plaintiff's conclusion that the settlement agreement applied only to the Ash Street property is not manifestly unreasonable. After all, during these settlement negotiations, it would be very unlikely that only one of these two properties should ever be discussed if the settlement agreement was intended by both parties to cover both properties and both claims.

This is a further indication that the possibility exists that Nationwide knew, at the time the agreement was executed, that the Plaintiff understood that only his claim concerning the Ash Street property was being settled. If this were the case, it would be manifestly inequitable to apply the settlement agreement to the Midway claim, the claim that was never discussed. This would also not constitute a unilateral mistake on the Plaintiff's part, but overreaching on Nationwide's. The fact remains that Nationwide has not carried its burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

To repeat, the entirety of the circumstances surrounding the execution of the settlement agreement is subject to additional factual development. And as the Court's [31] order recited, under the standard of Fed. R. Civ. P. 56 as presently applied, "that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party [the Plaintiff]." Moreover, because more than unilateral mistake may be involved, Plaintiff will not be required to tender the settlement proceeds to Nationwide. (In this regard, Nationwide's assertion that the Court "erroneously identified the total amount paid by Nationwide as $15,164.50" is incorrect–the Court stated specifically that "[t]he amount of the settlement is $15,164.50, *plus* an additional one-third of this sum for Plaintiff's attorneys' fees" (emphasis supplied))

Finally, neither the original order nor this clarification leads the Court to find that its [31] order involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal would not materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)

Accordingly, **IT IS ORDERED**:

The Court's [31] order is clarified as set forth above, but in all other respects Nationwide's [35] Motion to Reconsider the order or, alternatively, Certify it for an Interlocutory Appeal is **DENIED**.

**SO ORDERED** this the 11th day of June, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE