UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN VOLLAND**                                                                     **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.1:08CV696 LTS-RHW**

**NATIONWIDE MUTUAL INSURANCE COMPANY, ET AL.**      **DEFENDANTS**

### MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

The Court has before it Nationwide Mutual Fire Insurance Company's (Nationwide) motion [45] for summary judgment on the plaintiff's claim under Nationwide policy number 63 BP 283-510-3001. For the reasons set out below, this motion will be granted.

On October 28, 2004, Nationwide's business insurance policy number 63 BP 283-510-3001 took effect for the following calendar year. The named insured shown on the declarations page is "John Volland DBA The John Volland Trust." The insured property is an "APT/DWELLING" at 5000 Midway Street, Ocean Springs, Mississippi. (the Midway Property) No mortgage holder is identified on the declarations page.

The insurance policy provides $78,000 of replacement cost coverage for the insured building and other optional property coverages totaling $61,500. The policy also provides liability coverage. Endorsement number BPP-0017 (7-94) states:

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY*

*WINDSTORM OR HAIL EXCLUSION*

*This endorsement modifies insurance provided under the following:*

    BUSINESS PROVIDER POLICY

The following is added to the EXCLUSIONS Section of the Business Provider Property Coverage Form:
h.    Windstorm or Hail
       Windstorm or Hail
       But if loss or damage by fire or explosion results, we will pay
          for that resulting damage.

The Complaint named as defendants not only Nationwide, but also Principal Residential Mortgage (PRM), the mortgage lender for the Midway property. Plaintiff alleged PRM negligently failed to pay the premiums for insurance on this property and thereby allowed the Nationwide coverage for the Midway Property to lapse. Plaintiff charged Nationwide had negligently failed to notify him of this lapse of coverage.

On May 6, 2009, the plaintiff dismissed his claim against PRM, leaving Nationwide as the only remaining defendant. Nationwide's motion for summary judgment is based upon the wind damage exclusion in Endorsement BPP-0017 (7-94).

Since Nationwide policy number 63 BP 283-510-3001 was in effect at the time of the storm, the plaintiff's original claim based upon his not having been notified of a lapse in coverage cannot be valid. Because the policy contains a wind damage exclusion, the damage the Midway Property suffered during Hurricane Katrina is not a covered loss.

Nationwide's motion [45] for summary judgment was filed on July 29, 2009. The plaintiff has not responded to Nationwide's motion. Thus this motion is uncontested in the record before me. Although the Complaint alleges that flood insurance coverage should have been in effect at the time of the storm, the plaintiff has not submitted any evidence to substantiate this allegation. Flood damage is a loss excluded from coverage in Nationwide policy number 63 BP 283-510-3001. As the non-moving party, the plaintiff is required, under F.R.Civ.P. 56(e)(2), to respond to a properly-supported motion for summary judgment by submitting affidavits or other documentary evidence sufficient to establish there is a genuine issue for trial.

Giving the plaintiff every benefit of the doubt, the Complaint alleges only that no flood insurance policy was in effect at the time of the storm. There is no allegation that PRM allowed a flood policy to lapse or that Nationwide failed to provide flood insurance coverage the plaintiff requested either directly or through PRM. If PRM did not request that Nationwide provide flood coverage, and there is no evidence this is the case, PRM would be the responsible party and not Nationwide.

In light of there having been no lapse in coverage at the time of the storm, and in light of the wind damage exclusion set out above, it appears to me there is no genuine issue of material fact and Nationwide is entitled to judgment as a matter of law on the plaintiff's claim under policy number 63 BP 283-510-3001. There is neither an allegation nor evidence that Nationwide failed to provide flood coverage the plaintiff had requested directly or through PRM.

Accordingly, I will grant Nationwide's motion [145] and enter judgment in favor of Nationwide on the plaintiff's claim under the Nationwide policy. This will leave the merits of Nationwide's counterclaim to be resolved in further proceedings. An appropriate order will be entered.

**DECIDED** this 27th day of August, 2009.

                s/ L. T. Senter, Jr.
                L. T. SENTER, JR.
                SENIOR JUDGE